# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-00249-01-CR-DGK |
| | ) | |
| MICHAEL A. GREEN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

Pending before the Court are Defendant's Motion to Suppress (Doc. 25), the Government's opposition (Doc. 26), United States Magistrate Judge Sarah W. Hays's Report and Recommendation (Doc. 43), and Defendant's objections (Doc. 49). After carefully reviewing Judge Hays's report and conducting an independent review of the applicable law and record, *see* L.R. 74.1(a)(2), the Court ADOPTS the report and DENIES Defendant's motion.

Having reviewed the transcript from the suppression hearing (Doc. 42) and the admitted exhibits, the Court finds as follows. On September, 4, 2014, Detective Andrew Bolin ("Bolin") was dispatched to the area of 14700 Pine View Drive, Grandview, Missouri. Bolin observed Defendant's vehicle stopped in the roadway in front of a stop sign. When questioned by Bolin, Defendant explained his vehicle had broken down the night before. Defendant also stated the vehicle belonged to his girlfriend.

After contacting dispatch, Bolin determined Defendant did not have a valid driver's license, he was under state supervision for possession of a controlled substance and burglary, and he was known to be armed. Defendant was unable to provide proof of insurance for the vehicle.

The Grandview Police Department Standard Operating Guidelines for Custody and Non-

Custody Tows provides a vehicle can be towed because it is "disabled on a public street" and must be completed before a vehicle is towed. Gov't Ex. 2 at 1. Bolin decided to tow the vehicle after considering the following factors: the vehicle was broken down on a public roadway; other vehicles were forced to drive in the opposing lane of traffic to avoid Defendant's vehicle; the vehicle did not display proper plates; Defendant did not have a driver's license; and Defendant could not provide proof of insurance.

Before towing the car, officers performed an inventory search of the vehicle and found cash, drugs, and drug paraphernalia. Defendant now seeks to suppress all evidence and testimony relating to the evidence obtained through the search of the vehicle.

An inventory search is valid if it is conducted pursuant to standard police procedures and not done in bad faith or for the sole purpose of investigation. *Colorado v. Bertine*, 479 U.S. 367, 372 (1987). "The presence of an investigative motive does not invalidate an otherwise valid inventory search." *United States v. Garner,* 181 F.3d 988, 991 (8th Cir. 1999).

The Court finds the decision to tow Defendant's vehicle was made on the basis of safety and the inventory search was made pursuant to standardized police procedures. Accordingly, the Court ADOPTS Judge Hays's Report and Recommendation (Doc. 43) and DENIES Defendant's Motion to Suppress Evidence (Doc. 25).

**IT IS SO ORDERED.**

Dated: March 7, 2017           /s/ Greg Kays
                                                            GREG KAYS, CHIEF JUDGE
                                                            UNITED STATES DISTRICT COURT